| | |
|---|---|
| BOSTON HEART DIAGNOSTICS CORPORATION, ) ) ) Plaintiff ) ) v. ) ) GENELEX CORPORATION, ) ) Defendant. ) ) | **JURY DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Boston Heart Diagnostics Corporation ("BHDX" or "Plaintiff") for its Complaint against Defendant Genelex Corporation ("Genelex" or "Defendant"), alleges as follows:

## PARTIES

1. BHDX is a corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business in Framingham, Massachusetts. BHDX is a healthcare company that provides cardiovascular disease management through a combination of proprietary lipid testing capabilities, sophisticated diagnostic tools, advanced therapy guidelines, and patient support services.

2. Upon information and belief, Genelex is a Washington corporation with its principal place of business in Seattle, Washington. Upon information and belief, Genelex is a laboratory testing company that provides clinical laboratory tests and services intended to predict cardiovascular disease risk. Genelex's business extends throughout the United States and the Commonwealth of Massachusetts through its internet website at http://genelex.com.

## NATURE OF THE ACTION

3. This is an action for patent infringement arising under the Patent Laws of the United States, including 35 U.S.C. §§ 271, *et seq.*

## JURISDICTION

4. This Court has original and exclusive subject matter jurisdiction over patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Genelex. Upon information and belief, Genelex actively solicits health care providers, physicians and patients in the Commonwealth of Massachusetts. Genelex, through its employees and agents, serves health care providers, physicians, and patients in Massachusetts through a highly-interactive website. Upon information and belief, Genelex specifically targets this District through the user-portal on its website that permits healthcare providers, physicians, and patients in the Commonwealth of Massachusetts to access personal account information. Upon information and belief, Genelex also specifically targets this District by transacting with and providing services and products to Massachusetts residents. Genelex, through its employees and agents, also advertises its services and products through a Facebook website under its control, through which it interacts with Massachusetts residents and directs online traffic to Genelex's website. In addition, Genelex is believed to derive revenues from the services and products rendered and/or offered in the Commonwealth of Massachusetts such that it should have reasonably expected to be subject to suit in this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Genelex conducted and continues to conduct its business in the Commonwealth of Massachusetts in a

manner that infringes on the methods protected by the patent in suit and Genelex has a regular and established place of business in this District. Specifically, upon information and belief, Genelex owns and operates a subsidiary in this District, conducts and sponsors a clinical trial in this District, and has a government contract to provide services and support to clinicians in government offices throughout the U.S., including in this District.

## UNITED STATES PATENT NO 8,455,194

7. BHDX is a heart health management company providing integrated diagnostic and patient management solutions which advance cardiovascular disease risk assessment, monitoring, and treatment. BHDX's goal is to predict, prevent, manage, and reverse cardiovascular disease by improving patient assessment and management.

8. On or about June 4, 2013, United States Patent No. 8,455,194, which embodies diagnostic methods for detecting the susceptibility of an individual to statin-induced myopathy (the "'194 Patent"), was duly and legally issued by the United Stated Patent and Trademark Office, and is valid and subsisting. A true and accurate copy of the '194 Patent is attached hereto as **Exhibit A**.

9. The '194 Patent is owned by Isis Innovation Limited ("Oxford"), a technology commercialization company and wholly-owned subsidiary of the University of Oxford.

10. In November 2011, Oxford granted an exclusive license under the '194 Patent to BHDX thereby granting BHDX the right to use Oxford's Statin Induced Myopathy Genotype ("SLCO1B1") test (the "Oxford License Agreement").

11. Under the Oxford License Agreement, BHDX was granted an exclusive license to "develop, make, have made, use, import and Market the Licensed Product, and to develop, use,

and Market the Licensed Service, in the Field and the Territory." Oxford License Agreement, § 2.1.

12. BHDX offers the SLCO1B1 test, protected by the '194 Patent, exclusively through its Framingham-based Clinical Laboratory Improvement Act ("CLIA") certified laboratory. The SLCO1B1 test identifies patients who are at higher risk for developing severe myopathy (muscle aches and pain) as a side effect of statin drugs prescribed to reduce low-density lipoprotein cholesterol levels.

13. The Oxford License Agreement expressly grants to BHDX the right to bring this action for injunctive relief and damages. Specifically, Article 6 of the Oxford License Agreement grants BHDX the first right to take legal action against any misappropriation or infringement of the '194 Patent.

14. On November 22, 2013, the U.S. Patent and Trademark Office ("PTO") received a request for reexamination of claims 1 through 7 of the '194 Patent. On January 14, 2014, the PTO initiated reexamination.

15. On January 6, 2015, the PTO issued an Ex Parte Reexamination Certificate for the '194 Patent, re-issuing claims 1 through 7 as amended. Claims 8 through 14 were not subject to reexamination. Claims 15 through 25 were added during the reexamination. A copy of the Ex Parte Reexamination Certificate dated January 6, 2015, is attached hereto as **Exhibit B.**

16. The patented method of the '194 Patent, as amended during the reexamination, involves three principal steps: (a) an "assaying" step, (b) a "determining" step, and (c) an "administering" step.

# COUNT ONE: DIRECT INFRINGEMENT
# OF THE '194 PATENT

17. The allegations set forth in paragraphs 1 through 16 are hereby realleged and incorporated as if set forth fully herein.

18. Genelex offers genetic testing that seeks to identify those patients who are at higher risk of developing statin-induced myopathy due to a variation on their SLCO1B1 gene (the "Genelex SLCO1B1 Test").

19. Genelex actively offers, markets, and sells the Genelex SLCO1B1 Test to patients and health care providers including physicians and pharmacists throughout the United States, including in this District.

20. In offering, marketing, selling, and performing the Genelex SLCO1B1 Test, Genelex infringes the '194 Patent directly and/or through inducement.

21. Upon information and belief, Genelex itself directly performs the "assaying" and "determining" steps, of the method covered by the '194 Patent, when those claim terms are properly construed in accordance with the '194 Patent specification, prosecution history, and other evidence.

22. Among other things, Genelex provides physicians and pharmacists with Genelex's SLCO1B1 testing supplies (the "Genelex Test Supplies") for obtaining a patient's DNA sample, which Genelex "assays" at its genetic testing laboratory to determine unique drug-processing genetic characteristics.

23. For instance, Genelex allows physicians and pharmacists to order the Genelex Test Supplies as part of its Polypharmacy Comprehensive Panel or as an individual test.

24. Through its clinical test reports, and other information provided by Genelex and its agents, Genelex "determines" the appropriate dosage of a statin, within the meaning of the '194 Patent, for physicians and pharmacists.

25. For instance, through Genelex's YouScript® Precision Prescribing, Genelex's reporting tool, Genelex provides a Personalized Prescribing Report containing a patient's unique drug metabolism type and recommended medication or dosage, which is correlated to the result of the assay that Genelex performs as represented in the following illustration of Genelex's YouScript® Precision Prescribing report from Genelex's website:



26. Through the detailed information, recommendations, and instructions provided to physicians and pharmacists, Genelex directs and controls physicians and pharmacists to perform the "administering" step of the patented method or acts in concert with pharmacists and physicians, as a partner or joint venturer, and thus jointly performs the "administering" step of the patented method.

27. As a result of Genelex's infringing activities, BHDX has suffered damage in an amount to be proved at trial.

28. In addition, Genelex's infringement of the '194 Patent is ongoing. Unless restrained and enjoined by the Court, Genelex will continue to infringe the '194 Patent, causing BHDX irreparable harm.

### COUNT TWO: INDUCING INFRINGEMENT
### OF THE '194 PATENT

29. The allegations set forth in paragraphs 1 through 28 are hereby realleged and incorporated as if set forth fully herein.

30. Genelex offers, markets, sells, and performs the Genelex SLCO1B1 Test throughout the United States.

31. By using the Genelex SLCO1B1 Test, physicians and pharmacists directly infringe the '194 Patent, and Genelex knowingly encourages and induces that infringement.

32. Without limitation, Genelex specifically markets and advertises the Genelex SLCO1B1 Test for use in identifying patients who are at risk of developing statin-induced myopathy. Genelex also employs sales representatives who actively instruct and encourage physicians and pharmacists to order and use the Genelex SLCO1B1 Test.

33. Genelex further knowingly encourages and induces physicians' and pharmacists' infringement of the '194 Patent by performing the "assaying" step of the patented method under the control and direction of the physicians and pharmacists, pursuant to written agreements.

34. Genelex further knowingly encourages and induces physicians' and pharmacists' infringement by providing the Genelex Test Supplies, clinical reports, and other information that instructs clinicians and recommends appropriate statin dosages.

35. By this and other conduct, Genelex knowingly and actively induces physicians and pharmacists to administer statin dosages within the meaning of the '194 Patent.

36. Genelex engages in the above-described activity with actual knowledge of the '194 Patent.

37. Genelex engages in the above-described activity with the specific intent to induce physicians and pharmacists to infringe the '194 Patent.

38. As a result of Genelex's infringing activities, BHDX has suffered damage in an amount to be proved at trial.

39. In addition, Genelex's infringement of the '194 Patent is ongoing. Unless restrained and enjoined by the Court, Genelex will continue to infringe the '194 Patent, causing BHDX irreparable harm.

## COUNT THREE: EXCEPTIONAL CASE

40. The allegations set forth in paragraphs 1 through 39 are hereby realleged and incorporated as if set forth fully herein.

41. Pursuant to 35 U.S.C. § 287(a), BHDX has provided Genelex with notice of its exclusive rights under the '194 Patent.

42. Notwithstanding the notice provided by BHDX, Genelex continues to offer, sell, and perform the Genelex SLCO1B1 Test, thereby acting in reckless disregard of the likelihood that Genelex is directly infringing, jointly infringing, and/or inducing infringement of the '194 Patent.

43. Accordingly, Genelex's continuing infringement of the '194 Patent is willful and deliberate.

## JURY DEMAND

44. Plaintiff demands a jury trial on all issues so triable.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

(i) For entry of judgment by this Court that Genelex, its officers, agents, servants, employees, representatives, attorneys and all persons acting in active concert or participation with Genelex, have infringed the '194 Patent, either directly and/or by inducing others' infringement;

(ii) For entry of an order by this Court enjoining and restraining Genelex, its officers, agents, servants, employees, representatives, attorneys, and all persons acting in active concert or participation with Genelex, from making, using, selling, or offering for sale the Genelex SLCO1B1 Test or otherwise infringing the '194 Patent;

(iii) For entry of judgment by this Court awarding damages under 35 U.S.C. § 284 to compensate BHDX for Genelex's past, continuing or future infringement of the '194 Patent through the date such judgment is entered, including: (a) an accounting of all infringing acts; (b) treble damages for the exceptional case of Genelex's willful infringement under 35 U.S.C. § 284; and (c) BHDX's costs and attorneys' fees, plus interest, incurred in prosecuting this action under 35 U.S.C. § 285;

(iv) For entry of an order requiring Genelex to surrender or destroy, within ten days from the entry of any final judgment or preliminary decree: (a) any and all property which unlawfully violates the '194 Patent; (b) any and all product literature Genelex owns or possesses which unlawfully violates the '194 Patent; and (c) all other works owned by Genelex that infringe the '194 Patent;

(v) Such other and further relief as the Court deems just and proper.

**BOSTON HEART DIAGNOSTICS CORPORATION,**

BY ITS ATTORNEYS,

  /s/ Wayne F. Dennison
Wayne F. Dennison, BBO #558879
Jessica T. Lu, BBO #685424
**BROWN RUDNICK LLP**
One Financial Center
Boston, MA  02111
(617) 856-8200
wdennison@brownrudnick.com
jlu@brownrudnick.com